Lawrence R. LaPorte (State Bar No. 130,003)
*llaporte@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064
Telephone: (310) 312-4000
Facsimile:  (310) 312-4224

Charles A. Kertell (State Bar No. 181,214)
*ckertell@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
Telephone: (714) 371-2500
Facsimile:  (714) 371-2550

Attorneys for Plaintiffs
CORE NUTRITIONALS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| CORE NUTRITIONALS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VMI SPORTS, LLC and LONE STAR DISTRIBUTION, LLC,<br><br>Defendants. | Case No.: 2:16-CV-00705<br><br>**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, FEDERAL FALSE DESIGNATION OF ORIGIN, CALIFORNIA UNFAIR COMPETITION, COMMON LAW TRADEMARK INFRINGEMENT, AND COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |
| --- | --- |

Plaintiff Core Nutritionals, LLC ("Core Nutritionals") files this Complaint against defendants, VMI Sports, LLC ("VMI Sports") and Lone Star Distribution, LLC ("Lone Star Distribution"), and demanding a trial by jury alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the subject matter of the FIRST and SECOND causes of action pursuant to the provisions of 28 U.S.C. §§1331 and 1338(a), as well as 15 U.S.C. §1121, because these causes of action are for federal trademark infringement and federal false designation of origin, respectively, which arise under the Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. §1051, *et seq.*

2.     This Court also has original jurisdiction over the THIRD through FIFTH causes of action pursuant to the provisions of 28 U.S.C. §1338(b), because these causes of action are for unfair competition under California common law and California Business and Professions Code §17200, and trademark infringement in violation of California common law, all of which are claims for unfair competition under California law that are joined with a substantial and related claim under the trademark laws of the United States.

3.     Further, this Court has supplemental jurisdiction over the THIRD through FIFTH causes of action pursuant to the provisions of 28 U.S.C. §1367(a). These state law claims are so related to the other claims in this case, over which this Court has original jurisdiction, that they form a part of the same case or controversy under Article III of the United States Constitution.

4.     Venue is proper under 28 U.S.C. §§1391(b) and 1391(c), as VMI Sports and Lone Star Distribution (collectively the "Defendants") do business in this judicial district, and a substantial part of the events giving rise to the claims in this case occurred in this judicial district.  For example: (1) VMI Sports operates a website that sells its products to customers in this judicial district; and (2) Lone Star Distribution regularly markets its products via trade shows in this judicial district.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

1

Complaint for Federal Trademark
Infringement and Unfair Competition

**THE PARTIES**

5.     Core Nutritionals is a Virginia limited liability company, having its principal place of business at 820 North Pollard Street RTL #3, Arlington, Virginia 22203.

6.     Upon information and belief, VMI Sports is a limited liability company, having a place of business at 3839 Oak Lawn Avenue, Suite #510, Dallas, Texas 75219.

7.      Upon information and belief, Lone Star Distribution is a Delaware limited liability company, having a place of business at 11370 Pagemill Road, Dallas, Texas 75243.

**FIRST CAUSE OF ACTION**

**(Federal Trademark Infringement – 15 U.S.C. §1051, *et seq.*)**

8.     Core Nutritionals repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1-7, above.

9.     For many years, and prior to the acts of Defendants complained of herein, Core Nutritionals has continuously advertised, marketed, promoted, distributed, offered for sale, and sold dietary and nutritional supplements in interstate commerce under the distinctive trademark CRUSH IT!$^{®}$  These supplements are characterized by their outstanding quality, and have enjoyed overwhelming critical and commercial success in the marketplace.

10.     Core Nutritionals has obtained, and is the owner of, United States Trademark Registration No. 4,341,175 for CRUSH IT!$^{®}$ (hereinafter the "CRUSH IT trademark").  A copy of this federal registration is attached hereto as **Exhibit 1**. This registration remains in full force and effect and, at all relevant times, Core Nutritionals has consistently and continuously displayed the registration symbol "®" or its equivalent since the trademark has become registered.

11.     Core Nutritionals has advertised, marketed, promoted, distributed, offered for sale, and sold its dietary and nutritional supplements so that the public

1   associates them with the idea of extraordinary quality and value.  In furtherance of

2   that goal, Core Nutritionals usually displays its products and the CRUSH IT

3   trademark in its advertising and promotional presentations.  To date, Core

4   Nutritionals has spent hundreds of thousands of dollars advertising and promoting

5   its dietary and nutritional supplements under the CRUSH IT trademark.

6       12.    Defendants have advertised, marketed, promoted, distributed, offered

7   for sale, and/or sold commercially in interstate commerce certain dietary and/or

8   nutritional supplements in connection with "KRUSH IT."  Illustrative examples

9   from VMI Sports' Internet website (www.vmisports.com) and Instagram page

10  (www.instagram.com/vmisports) are attached hereto as **Exhibits 2 & 3,**

11  respectively.

12      13.    Defendants' advertising, marketing, promotion, distribution, offer for

13  sale, and/or sale of dietary and/or nutritional supplements using "KRUSH IT" is

14  likely to cause confusion and, upon information and belief, has caused confusion

15  that their products are made by, sponsored by, or affiliated with Core Nutritionals.

16      14.    Defendants' use of "KRUSH IT" in connection with dietary and/or

17  nutritional supplements was, and is, without the permission of Core Nutritionals.

18  This use was, and is, with the knowledge that such use is confusingly similar to

19  Core Nutritionals' CRUSH IT trademark, which has previously been and is being

20  used by Core Nutritionals.

21      15.    Upon information and belief, Defendants had knowledge of Core

22  Nutritionals' CRUSH IT trademark, its dietary and nutritional supplements, and the

23  considerable commercial success they have achieved.  Core Nutritionals is informed

24  and believes, and thereon alleges, that Defendants willfully and with conscious

25  disregard for Core Nutritionals' CRUSH IT trademark advertised, marketed,

26  promoted, distributed, offered for sale, and/or sold their dietary and/or nutritional

27  supplements using "KRUSH IT."

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

Complaint for Federal Trademark
Infringement and Unfair Competition

16.     The above-recited acts by Defendants constitute trademark infringement of Core Nutritionals' federally registered CRUSH IT trademark in violation of the Lanham Act, 15 U.S.C. §1051, *et seq.*, to the substantial and irreparable injury of the public and of Core Nutritionals' business reputation and goodwill.

17.     As a result of their acts, Defendants have been, and will continue to be, unjustly enriched by profits that Defendants have made in connection with their advertising, marketing, promotion, distribution, offer for sale, and/or sale of dietary and/or nutritional supplements using "KRUSH IT."

18.     Defendants' continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict great and irreparable harm upon Core Nutritionals.  Core Nutritionals has no adequate remedy at law.  Core Nutritionals is entitled to preliminary and permanent injunctive relief prohibiting Defendants from engaging in further acts of infringement.

19.     As a direct and proximate result of the foregoing acts of Defendants, Core Nutritionals has suffered, and is entitled to, monetary damages in an amount not yet determined.  Core Nutritionals is also entitled to its attorneys' fees and costs of suit herein.

20.     Upon information and belief, Defendants' acts were in conscious and willful disregard for Core Nutritionals' rights to its CRUSH IT trademark, and the resulting damage to Core Nutritionals is such as to warrant the trebling of damages in order to provide just compensation.

## SECOND CAUSE OF ACTION

### (False Designation of Origin – 15 U.S.C. § 1125(a))

21.     Core Nutritionals repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1-20, above.

22.     Core Nutritionals owns and enjoys common law trademark rights in the CRUSH IT trademark, which rights are superior to any rights of Defendants.  The

CRUSH IT trademark is arbitrary, inherently distinctive, and/or has acquired secondary meaning with the trade and consuming public and/or has become distinctive in the minds of purchasers in that the CRUSH IT trademark for dietary and nutritional supplements is associated with Core Nutritionals, as evidenced in part by the grant of United States Trademark Registration No. 4,341,175.

23.     Upon information and belief, Defendants have used and are using "KRUSH IT" to advertise, market, promote, distribute, offer for sale, and/or sell their dietary and/or nutritional supplements with the intent of passing off and confusing the public into believing that their supplements are the same as, originate with, and/or are sponsored by Core Nutritionals.

24.     By advertising, marketing, promoting, distributing, offering for sale, and/or selling their dietary and/or nutritional supplements using "KRUSH IT," Defendants have infringed on Core Nutritionals' federal and common law trademark rights in the CRUSH IT trademark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).  Defendants' above-recited acts further constitute false designation of origin, false description, false representation, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), as such acts are likely to deceive customers and prospective customers into believing that Defendants' dietary and/or nutritional supplements are from or sponsored by Core Nutritionals and, as a consequence, are likely to divert and, upon information and belief, have diverted customers away from Core Nutritionals.

25.     Defendants, if not enjoined by this Court, will continue to sell their dietary and/or nutritional supplements using "KRUSH IT" in commerce, which supplements will be attributed to having emanated from Core Nutritionals.  Core Nutritionals, however, has no control over the nature and quality of Defendants' supplements, and any fault or objection with said supplements will adversely affect future sales by Core Nutritionals of its products under the CRUSH IT trademark.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

5

Complaint for Federal Trademark
Infringement and Unfair Competition

26.     As a result of their acts, Defendants have been, and will continue to be, unjustly enriched by profits that Defendants have made in connection with their advertising, marketing, promotion, distribution, offer for sale, and/or sale of their dietary and/or nutritional supplements using "KRUSH IT."

27.     Defendants' continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict great and irreparable harm upon Core Nutritionals.  Core Nutritionals has no adequate remedy at law.  Core Nutritionals is entitled to preliminary and permanent injunctive relief prohibiting Defendants from engaging in further acts of infringement.

28.     As a direct and proximate result of the foregoing acts of Defendants, Core Nutritionals has suffered, and is entitled to, monetary damages in an amount not yet determined.  Core Nutritionals is also entitled to its attorneys' fees and costs of suit herein.

29.     Upon information and belief, Defendants' acts were in conscious and willful disregard for Core Nutritionals' rights to its CRUSH IT trademark, and the resulting damage to Core Nutritionals is such as to warrant the trebling of damages in order to provide just compensation.

## THIRD CAUSE OF ACTION

**(Statutory Unfair Competition – Cal. Bus. & Prof. Code § 17200, *et seq.*)**

30.     Core Nutritionals repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1-29, above.

31.     Core Nutritionals has built valuable goodwill in its CRUSH IT trademark.  Defendants' advertising, marketing, promotion, distribution, offer for sale, and/or sale of their supplements using "KRUSH IT" is likely to, and does, permit Defendants to trade upon the goodwill of the CRUSH IT trademark and to deceive and confuse the public regarding a connection or affiliation between Core Nutritionals and Defendants.  This conduct results in damage to Core Nutritionals' goodwill and reputation and unjust enrichment of Defendants.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

6

Complaint for Federal Trademark
Infringement and Unfair Competition

32.     By advertising, marketing, promoting, distributing, offering for sale, and/or selling their dietary and/or nutritional supplements using "KRUSH IT," Defendants mislead others, and will continue to mislead others, into assuming there is a connection between Defendants and Core Nutritionals.

33.     Defendants' use of "KRUSH IT" in connection with dietary and/or nutritional supplements was, and is, without the consent of Core Nutritionals.

34.     Defendants' advertising, marketing, promotion, distribution, offer for sale, and/or sale of dietary and/or nutritional supplements using "KRUSH IT" constitutes unfair competition in violation of §17200, *et seq.* of the California Business and Professions Code.

35.     Defendants, if not enjoined by this Court, will continue to infringe Core Nutritionals' CRUSH IT trademark, and pecuniary compensation will not afford Core Nutritionals adequate relief for the damage to its trademark in the public perception.

36.     As a result of their acts complained of herein, Defendants have been, and will continue to be, unjustly enriched by profits which Defendants made in connection with the advertising, marketing, promotion, distribution, offer for sale, and/or sale of supplements using "KRUSH IT."

## FOURTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

37.     Core Nutritionals repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1-36, above.

38.     By reason of Core Nutritionals' continuous use and promotion of its CRUSH IT trademark, as well as the distinctiveness of that trademark, consumers associate and recognize the CRUSH IT trademark as representing a single, even if anonymous, source or sponsor of goods and therefore the CRUSH IT trademark is a protectable trademark at common law.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

7

Complaint for Federal Trademark
Infringement and Unfair Competition

39.    Core Nutritionals' CRUSH IT trademark is arbitrary, inherently distinctive, and/or has acquired secondary meaning with the trade and consuming public and/or has become distinctive in the minds of purchasers in that the CRUSH IT trademark for dietary and nutritional supplements is associated with Core Nutritionals.

40.    Defendants have used "KRUSH IT," which is the same as or confusingly similar to the CRUSH IT trademark.  Defendants' use of "KRUSH IT" has created a likelihood that the trade and consuming public will be confused as to the source of the products.

41.    The advertising, marketing, promotion, distribution, offer for sale, and/or sale by Defendants of dietary and/or nutritional supplements throughout the United States using "KRUSH IT" is likely to cause confusion and, upon information and belief, has caused confusion as to the source of the supplements in that purchasers thereof will be likely to associate or have associated such products as originating with Core Nutritionals, all to the detriment of Core Nutritionals.

42.    By reason of Defendants' actions alleged herein, Core Nutritionals has suffered, and will continue to suffer, irreparable injury to its rights and suffer substantial loss of goodwill and in the value of its CRUSH IT trademark unless and until Defendants are enjoined from continuing their wrongful acts.

43.    By reason of Defendants' actions alleged herein, Core Nutritionals has been damaged in an amount not presently ascertained, and such damage will continue and increase unless and until Defendants are enjoined from continuing their wrongful acts.

44.    Upon information and belief, Defendants' conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard of Core Nutritionals' rights in its CRUSH IT trademark, justifying the imposition of punitive and exemplary damages under California Civil Code §3294.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

8

Complaint for Federal Trademark
Infringement and Unfair Competition

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH CAUSE OF ACTION

### (Common Law Unfair Competition)

45.    Core Nutritionals repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1-44, above.

46.    Defendants' advertising, marketing, promotion, distribution, offer for sale, and/or sale of their dietary and/or nutritional supplements is likely to cause confusion, to cause misrepresentation, to cause mistake, and/or to deceive the public as to the affiliation, approval, sponsorship or connection between Defendants and Core Nutritionals and constitute unfair competition at common law.

47.    By reason of Defendants' actions in connection with their dietary and/or nutritional supplements, Core Nutritionals has suffered, and will continue to suffer, irreparable injury to its rights and suffer substantial loss of goodwill in and to the value of its CRUSH IT trademark unless and until Defendants are enjoined from continuing their wrongful acts.

48.    By reason of Defendants' actions in connection with their dietary and/or nutritional supplements, Core Nutritionals has been damaged in an amount not presently ascertained, and such damage will continue and increase unless and until Defendants are enjoined from continuing their wrongful acts.

49.    Upon information and belief, Defendants' conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard of Core Nutritionals' rights in its CRUSH IT trademark, justifying the imposition of punitive and exemplary damages under California Civil Code §3294.

## PRAYER FOR RELIEF

WHEREFORE, Core Nutritionals respectfully demands judgment:

1.    That Defendants, their officers, directors, agents, servants, employees, attorneys, confederates, and all persons and/or entities acting for, with, by, though, or in concert with them, or any of them, be enjoined preliminarily and permanently:

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

9

Complaint for Federal Trademark
Infringement and Unfair Competition

(a)    from using "CRUSH IT!," "KRUSH IT!," "CRUSH IT," "KRUSH IT," and/or any other designation which is a colorable imitation of, or is confusingly similar to, the CRUSH IT trademark in connection with the advertising, marketing, promotion, distribution, offer for sale, and/or sale of dietary and/or nutritional supplements;

(b)    from representing in any manner, or by any method whatsoever, that goods, services, or other products provided by Defendants are sponsored, approved, authorized by, and/or originate from Core Nutritionals or otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, sponsorship, or certification of such goods or services;

(c)    from infringing the CRUSH IT trademark; and

(d)    from unfairly competing with Core Nutritionals in any manner.

2.    That Defendants be required to prepare and deliver to the Court a complete list of entities to whom they distributed or sold dietary and/or nutritional supplements using and/or bearing "KRUSH IT" and/or any confusingly similar variation thereof, and to serve a copy of such list on Core Nutritionals' attorneys.

3.    That Defendants be required to deliver up to the Court any and all documents reflecting or relating to the purchase, sale, and/or distribution of any dietary and/or nutritional supplements using and/or bearing "KRUSH IT" and/or any confusingly similar variation thereof, and to serve a copy of such documents on Core Nutritionals' attorneys.

4.    That Defendants be required to deliver up to Core Nutritionals for destruction all products, containers, packages, labels, literature, catalogs, signs, advertising material, and the like bearing "KRUSH IT" and/or any confusingly similar variation thereof.

5.    That Defendants, within thirty days after service of judgment with notice of entry thereof upon them, be required to file with this Court and serve

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

10

Complaint for Federal Trademark
Infringement and Unfair Competition

1   upon Core Nutritionals' attorneys a written report, under oath, setting forth in detail

2   the manner in which Defendants have complied with Paragraphs 1-4, above.

3        6.    That Defendants be required to account for and pay over to Core

4   Nutritionals their profits and the cumulative damages sustained by Core

5   Nutritionals by reason of Defendants' unlawful acts of trademark infringement and

6   unfair competition herein alleged, that the amount of recovery be increased as

7   provided by law, up to three times, and that interest and costs be awarded to Core

8   Nutritionals.

9        7.    That this Court order disgorgement and/or restitution of Defendants'

10   profits to Core Nutritionals.

11        8.    That Core Nutritionals be awarded its reasonable costs and attorneys'

12   fees.

13        9.    That Core Nutritionals be awarded punitive damages.

14        10.    That Core Nutritionals have such other and further relief as this Court

15   may deem equitable.

16

17   Dated:  February 1, 2016          Respectfully submitted,

18

19                   MANATT, PHELPS & PHILLIPS, LLP

20

21                   By: */s/ Lawrence R. LaPorte*
                    Lawrence R. LaPorte

22                       Attorneys for Plaintiff

23                       CORE NUTRITIONALS, LLC

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

11

Complaint for Federal Trademark
Infringement and Unfair Competition

1

## **DEMAND FOR JURY TRIAL**

2      Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1 of

3  the Central District of California, plaintiff Core Nutritionals, LLC hereby demands

4  a trial by jury on all issues triable in this action.

5

6  Dated:  February 1, 2016                    Respectfully submitted,

7

8                                              MANATT, PHELPS & PHILLIPS, LLP

9

10                                             By: */s/ Lawrence R. LaPorte*
                                                   Lawrence R. LaPorte

11

12                                             Attorneys for Plaintiff
                                               CORE NUTRITIONALS, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

12

Complaint for Federal Trademark
Infringement and Unfair Competition