# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORE NUTRITIONALS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>PERFORMANCE NUTRITION FORMULATORS, LLC dba VMI SPORTS and LONE STAR DISTRIBUTION, LLC,<br><br>    Defendants. | Case No. CV 16-00705 TJH (AFMx)<br><br>**ORDER TO SHOW CAUSE AND SETTING SCHEDULE FOR FURTHER PROCEEDINGS ON PLAINTIFF'S MOTIONS TO COMPEL** |

Plaintiff has filed motions to compel production of documents and interrogatory responses by defendants. (ECF Nos. 33, 35.) In connection with these motions, plaintiff's counsel (Lawrence R. LaPorte) submitted a declaration under penalty of perjury in which he states that he sent four letters to defendants' counsel (Andrew Dallmann) on August 16 2016, requesting pre-filing conferences under Local Rule 37.1 to address alleged deficiencies in defendants' responses to plaintiff's interrogatories and requests for production of documents. (ECF No. 37 at ¶¶ 6, 7, 14, and 15.) According to the LaPorte declaration, defendants' counsel did not respond to the August 16, 2016 letters. (*Id*. at ¶ 22.) The LaPorte

declaration further states that defendants have not produced any documents in the case, and defendants have not served their initial disclosures. (*Id*. at ¶¶ 20, 21.)

Defendants and their counsel of record are hereby **ORDERED TO SHOW CAUSE in writing on or before September 30, 2016** why sanctions should not be imposed against them under Local Rule 37.4 for failing to cooperate and participate in pre-filing conferences with plaintiff's counsel in compliance with Local Rule 37.1 as requested in the letters from Lawrence LaPorte to Andrew Dallmann, dated August 16, 2016. The sanctions that may be imposed by the Court if the order to show cause is not discharged may include monetary sanctions, as well as a presumption that defendants failed to participate in the pre-filing conferences under Local Rule 37.1 because they lack a good faith basis for their objections and for their failure to provide documents and information.

The order to show cause may be discharged if **on or before September 30, 2016,** (i) defendants' counsel provides a declaration under penalty of perjury establishing that he did respond to the August 16, 2016 letters and offered to participate in a pre-filing conference with plaintiff's counsel within 10 days of receiving the letters; **or** (ii) defendants serve amended/supplemental written responses to plaintiff's interrogatories and document requests that fairly address the concerns raised in the August 16, 2016 letters, and defendants substantially complete their production of documents and their initial disclosure obligations not later than September 30, 2016.

**Between October 3, 2016 and October 5, 2016**, lead counsel for each side shall meet and confer in person and shall attempt to resolve each of the issues raised in plaintiff's motions to compel. **On October 6, 2016**, counsel shall file a joint report describing the results of their meet and confer and identifying which issues, if any, in the motions to compel remain unresolved. Failure of either counsel to participate in this meet-and-confer process in good faith may lead to the imposition of sanctions.

**On October 21, 2016 at 10:00 a.m.**, the Court will hold a hearing to address the response by defendants and their counsel to the order to show cause and the possible imposition of sanctions. At the hearing, the parties shall also be prepared to address any unresolved issues raised in plaintiff's motions to compel. Defendants' oppositions to the motions to compel shall be served and filed not later than **October 7, 2016.** Plaintiff's replies shall be served and filed not later than **October 14, 2016**. The hearing previously noticed by plaintiff for October 18, 2016 is vacated.

DATED: 9/23/2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE